Good morning, Your Honors. Martha Bush, I'll be arguing this morning on behalf of the defendants in this case. The issue before the Court is pretty straightforward. It is what did Congress mean by the phrase, any civil action commenced in the effective date provision of the Class Action Fairness Act, which was passed on February 18, 2005. It's the defendant's position that CAFA applies to this case because this case was timely removed to federal court after February 18, 2005. If you look at the language of the Class Action Fairness Act, the effective date provision, that language is identical to the language that has been used in other jurisdictional statutes in the past, in particular the amendments to the amount and controversy statutes in 1958 and again in 1989. Justice, do you have any evidence that Congress referred to the, was it Lorraine? Lorraine is the line of cases. It's the line of cases of the Southern District or Eastern District of New York. Do you have any evidence that Congress indicated that it was aware of that line of cases and that it was mimicking that language for a particular reason? No. There's no discussion of the meeting that commenced in the legislative history of the CAFA at all. But under the Supreme Court decision in Lorillard, Congress can be presumed to know. Yeah, but why would they also be presumed to know about Kiefer, which is the Maryland case that held contrary to Lorraine Motors? It did, but the majority of the cases at the time, the clear majority of the cases at the time had interpreted the word commenced. That's kind of like taking a vote in 1958 as to what some language ought to mean in a different context and assuming that Congress in 2005 meant to adopt a majority line of district court cases and contrary to a minority line of district court cases. That's quite a leap, isn't it? I don't think it's quite a leap, actually. No, I think under Lorillard, Congress is presumed to know, particularly when there is no other contravening indication in the legislative history or in any other provision of the CAFA to suggest that. But if Congress hasn't cited Lorraine Motors, if nobody said, gee, I'm thinking about Lorraine Motors as I do this and I recognize it's not a unanimous view of the courts, it was a divided view, but I think it's the majority view and I think it's a good view.  No, but I don't think the Lorillard case says that you have to find evidence. That's the whole point of the rule in Lorillard. You don't have to find any evidence or any legislative history that says Congress specifically addressed a case. That's the whole point of the Lorillard decision. We presume that Congress knows of majority lines of cases in the absence of any other indication in the legislative history or in the statute itself. That's the whole point of the Lorillard case. So it's true there isn't any. By the same token, there's nothing in the legislative history or in the language of the CAFA itself to suggest that the plaintiff's construction of the term commenced is correct. The statute doesn't say filed. Congress clearly knows how. When they want to make a distinguish between commencement, which under the case law means either filed in federal court or removed to federal court, if they want to make a distinction and not refer to that, they know how to do it. They can say filed. And they did in other parts of CAFA, not the effective date provision, but in other parts of the statute. Counsel, when we use the word commenced there, is that to have a uniform federal meaning, for example, under Federal Rule 3, or is that to have meaning that it would have in each State where a lawsuit would have to be commenced before it could be removed to federal court? The term CAFA is a Federal statute. The term commenced in CAFA should be interpreted as a matter of Federal law. It should not be interpreted to incorporate every State's construction of the word commenced, because there are a whole myriad of different cases. But how would we know when a lawsuit had been commenced in State court? If under the State, if under a State court rule, State court says it's not commenced until service of process has been issued. Right. Then it wouldn't have been commenced in State court. You don't have a defendant, do you? Yeah. Our position is the term commenced should be interpreted just as a matter of Federal law. You don't look to State law to determine what commenced means. Right. But how can you even have a defendant that, how can you even have a defendant from State court if a State says you haven't commenced a lawsuit in this State until somebody has been served? Because, well, in this case that's not an issue, because everybody was served. Everybody was served, however. I understand it may not be an issue in this case, Counsel. I'm trying to figure out the meaning of the statute, which is what you're asking us to do. Well, if the, if, again, if commencement means at the time of filing in Federal court or at the time it's removed to Federal court, then the issue of whether or not it's been commenced under State law, I'm not even sure how to write it. No. You said two things. You said when it's removed, and, of course, that's your principal argument. But not when it's filed in Federal court. It's not going to be filed in Federal court. Well, it could be. Class actions now can be filed in Federal court. Right. But then there would be no reason to remove it, would there? Exactly. Okay. But this statute deals with when an action is commenced in State court for purposes of removing it to Federal court. Right. My question is, how can a lawsuit be commenced in State court by filing if the rules of the State say a lawsuit in this State is not considered commenced until service of process has been perfected? It can't. If the State says it can't be perfected until services, then it can't, it's not. Then don't we need to look to State law to decide when a suit has been, when a lawsuit has been commenced? Not if, not if the term commenced is construed as we think it should be to mean at the time of removal, either, either at the time when it's filed in Federal court or at the time when it is timely removed. If it's just at the time of removal, then your interpretation of commenced meaning at the time it was filed in State court is irrelevant, isn't it? It is irrelevant. That's exactly right. That's exactly right. Well, put it this way, it's sort of academic because if it's, if the word commenced means at the time of removal, obviously it would have been filed previously in State court because cases don't get removed unless they've previously been filed, but it's irrelevant or academic because it has been removed and it has been removed after February. So the only date then that would be, would be important would be the date on which it's been removed. Exactly. Or the date on which it's filed in Federal court as opposed to State court. Right, but that has nothing to do with removal. Right, exactly. That just seems totally irrelevant to me, so. Right. So the, the other thing I want to point out about these cases, the Lorraine Motors line of cases, if you look at those cases, they, when they, the term commenced is not clear. It's not, it's ambiguous in this context because it's not clear whether they're referring to at the time of removal, at the time of filing, at the time of service. Given that, in the Lorraine Motors line of cases, the court looked to the purpose of the statute that they were, that the effective date provision was in. In Lorraine Motors and that line of cases, the purpose of those statutes was clearly to limit the jurisdiction of the Federal court because they were raising the amount in controversy. You use the same analysis here, the exact same analysis, and you're going to come to the same result in terms of the meaning of commenced. You look at the word commenced, it's not clear. You look at the purpose of the statute, the purpose of the Class Action Fairness Act was clearly to expand Federal court jurisdiction as opposed to restrict Federal court jurisdiction. Given that purpose, a construction of the term commenced to mean either, to mean in this context, at the time of removal, clearly fulfills the Congress's purpose to expand the jurisdiction of the Federal courts. So, the only way, really, to look at the word commenced, given Lorillard, given the Lorraine Motors line of cases, and given the history and the purpose of the CAFA, and the purpose of the CAFA, by the way, is in the statute itself. It's not even, you don't even have to look at legislative history. But it is clearly to expand Federal court jurisdiction, and the term has been construed in the past to mean at the time of removal. This. How long, theoretically, would one have to remove under this statute? Thirty days. Thirty days from what? Thirty days from the time, and under 1446B, cases have said, you've got to look at, you've got to figure out when the case was commenced in State court. This is not a matter of CAFA, but is a matter of 1446B, which says you have to remove within 30 days of service, I think it's of filing of a complaint or otherwise receiving the operative document. Okay. But if you have to remove within 30 days, the last day as to which there would be any dispute, because after February 18th, even under the plaintiff's construction, you're timely. Is that correct? Yes. All right. Can I just sort of take something back a little bit?   Because in California, a lawsuit is commenced by filing. Right. All right. Despite the California, the rule that this, we were not, the case did not commence until we were served under Murphy Brothers, because Murphy Brothers makes it clear that for purposes of removal, as opposed to for purposes of statute of limitations or something else, but for purposes of removal, a defendant's obligation or right to remove doesn't begin until he's served. So we think that under Murphy Brothers. Right. Formally served as opposed to informally served under Murphy Brothers. All right. Here's my question. If February 17th is the last day sort of in dispute, the last possible day in dispute, because on February 18th, even the plaintiffs concede, you can remove this case under CAFA. So there's no dispute what happens after February 18th. Right. So February 17th is the last day in dispute. That means then that up through whatever it is, March 17th, because February is a funny month, call it March 19th, just for kicks. So just humor me. So if March 19th is the last day, then why didn't Congress just say, as long as you've got this thing in, that CAFA is effective as long as you remove on or before March 19th and just be done with it? Well, good question. I don't know why Congress didn't do that. And the only answer I have is that the word commenced. They were looking back at the majority line of cases and the amount of controversy under Lorillard, and commenced has always been construed to mean at the time of filing or at the time of timely removal. That's why, because that's how it's been construed in the past. Clearly, when Congress wants to say, you know, either at the time of filing or at the time of removal, it has done so, and it has done so in other statutes. In fact, it had done so in other portions of the amendments to Section 1332d back in 1989. So when they wanted to refer to it, they do. They didn't hear. But I think it's because they were relying on the Lorraine. They knew the construction of that term under Lorraine Motors in that line of cases. Counsel, you've lost this argument in two circuits, and every district court that's considered it. Is there any district courts in the interim that have ruled in your favor? No, we're certainly swimming upstream. But I have to say, none of those cases address a specific issue in this case, because if you look at, and we address this in our briefs, but both Knudsen and Pritchett were cases that had been filed well before 2005. Those cases should have been remanded clearly, but not because CAFA didn't apply. They should have been remanded because CAFA applied, because at the time of removal, in fact, the jurisdictional requirements had met. But they had to be remanded because under 1446b, the 30-day time limit had long since expired. And the case law is very clear that something like an amendment to a statute is not a new fleeting or a new paper that raises your right to remove under the jurisdictional statutes. So both Knudsen and Pritchett are completely distinguishable because they were not timely. How about FISA? Since then, what has happened is that the courts have, I think, sort of blindly followed Knudsen and Pritchett without considering the distinction that we made. In FISA, the Court did consider that FISA was a case in which it was timely removed, but there were two problems, in our view, with FISA. Number one, FISA looked at State law to determine when a case was commenced, and we think that ought to be construed as a matter of Federal law, not State law. Second, the Court expressed a concern that there would have to be, in order not to follow Pritchett and Knudsen, they would have to sort of invent an exception for cases like that in the statute in the statute itself. But that's not true. There is already an exception for cases like Pritchett and Knudsen, as I just said, and that is 1446B, the 30-day time limit. Those cases, both Pritchett and Knudsen, could have been and should have been remanded because they were not timely under 1446B. So no rewriting of the statute would have had to have been performed by the FISA Court in order to achieve or to be consistent with the results in Pritchett. And if you look at all the other cases, they're all consistently, they're either filing Pritchett and Knudsen, even though those cases are clearly distinguishable because of the timing issue, or they sort of superficially assume that any other decision would just open the doors of the Federal Court to thousands of these State court class actions, but it would not. We're actually talking about a very, very narrow range of cases here, and those are just the cases that were timely removed after February 18, 2005. And at this point, those are going to be very few cases. In fact, this may be the only one at this point in time. The plaintiffs make a couple of arguments against this, besides relying on Pritchett and Knudsen in that line of cases. They also argue that the presumption against removal should compel this Court to construe the term commenced to mean filing in State court. Two things on that. Number one, the presumption against removal is only a presumption. And the presumption against removal exists because in most cases, like in the city statute situation, Congress is clearly driven by a desire to restrict Federal Court jurisdiction. Here, where the Class Action Fairness Act was clearly enacted by Congress to expand Federal Court jurisdiction, the presumption is either inapplicable or it just disappears because of the contrary clear intent of Congress to expand Federal Court jurisdiction. The presumption against removal has also been, I think, weakened by the Supreme Court's decision in Breuer pointing out that since the early days of diversity jurisdiction, that presumption has sort of changed as Congress has expanded the jurisdiction of the Federal courts. The other thing is, plaintiffs say that we're arguing for a retroactive application of CAFA, and we're definitely not arguing for retroactive application. The only question is what is the operative act that triggers the application of CAFA, and whether or not the operative act triggering the application is the data removal, timely removal to Federal court. We are not trying to apply the CAFA retroactively, and we agree that it doesn't apply retroactively. So that argument of the plaintiffs' is pretty much of a red herring, I think. The other thing that supports the defendant's reading of the CAFA and the effective date provision is the longstanding rule that removal jurisdiction is determined at the time of removal. And that at the time of removal is when the court looks to see whether or not it has jurisdiction. And here, clearly, at the time of removal after February 18th, there was jurisdiction under CAFA. So construing the term commenced to mean at the time of removal, as the courts did in Lorraine Motors and the other line of cases, is consistent with the longstanding rule that you're to determine jurisdiction at the time of removal. Of course, that deals with the substantive question of jurisdiction. If the class here had not had a sufficient amount in controversy, or if there had been nobody who was diverse, then those would have been analogous questions because the question that was dealt with in Lorraine Motors was a question of the substance of the diversity statute. This simply deals with an effective date in the Act. That's right. That's right. The other thing I want to point out with respect to the legislative, that the history that the plaintiffs rely on, that legislative history is essentially irrelevant to our argument for a couple of reasons. Number one, we don't contend that the CAFA applies retroactively. And the legislative history they rely on is statements by congressional people that the statute would not apply retroactively. They were clearly, if you look at the context, talking about a number of class actions that had been pending for some time in state court against the manufacturer of Vioxx and others. So again, that legislative history only supports the, at best, the Knudson and Pritchett line of cases. But as I said, those cases, because the cases had been pending in state court for so long, were and should have been remanded because they had not been removed within the 30-day time limit. So I don't think that the legislative history supports the plaintiff's argument here either. So the only thing that really supports the plaintiff's argument here is just the general abhorrence, I think, that federal courts have for assuming any new cases or assuming any jurisdiction, any new jurisdiction from what they had before. But here, the Class Action Fairness Act clearly directed the federal courts to take these cases. And the construction of the term commenced in the effective date provision of the CAFA that we urge the Court to accept is not only consistent with the purpose of CAFA, it's consistent with case law that has construed the identical term in prior statutes. And it's consistent with longstanding principles of removal jurisdiction. And more importantly, it does not, contrary to the Court's decisions in Newson and Pritchett for the plaintiff's position, it does not open the doors of the federal court to thousands and thousands of cases, because we're actually talking about a very narrow range of cases, and that would be those that were timely removed after February 18th. What specifically, other than the plain language, do we look to in your opinion? Besides the plain language of the effective date provision?  Well, I think you look to, because it's not so plain, I think you would look to two things. First of all, you go to the purpose of the statute, which, as I said, is to expand it, and you would look at the line of cases like Lorraine Motors, other cases, any other cases that have construed the term commenced in this context, in the removal context. And if you do that, it completely supports our position and not the plaintiff's position. And where there's nothing contrary in the legislative history, and there's nothing to indicate that Congress was trying to exclude cases that were timely removed. I think I follow your answer. You get some time. You might want to rebut. I would like to reserve a little bit of time. We did make another argument that the cases in any event, even if you look to State law, that the cases were not, that the defendants were not served until after February 18th, so that the CAFA applies, because they did not commence those to the defendants until they were served. And I will reserve 56 seconds. Morning. If it please the Court. Blake Harper on behalf of plaintiffs and appellees. I don't think this case is nearly as complicated as the appellants would make it. As Judge Easterbrook said in the Knudsen case in the Seventh Circuit, Section 9 of the new act, which is the provision that says that the statute only applies to cases commenced on or after the effective date, must be taken seriously. Deconstructive tactics do not permit its evasion. And in effect, with all due respect to appellants and their valiant attempts, that's exactly what their arguments amount to. This is a case that was brought in Los Angeles Superior Court by a California resident seeking to represent a class of Californians under California law. At the time it was brought, there was already a class action pending in that court by the City of Los Angeles on behalf of all California municipalities that was seeking payment of taxes that had been charged by these travel service providers, but had not been remitted to the taxing authorities. Counsel, as to the word commenced, are we to look to state law to determine when the action is commenced, or is there going to be a uniform federal rule? I don't think it matters in this case. It may not matter in this case, but it may matter in other cases. I understand. But it doesn't matter in this case because the law is the same in the federal court and the state court. Federal Rule Civil Procedure 3 says an action is commenced by filing the complaint. California State Law Section, the California Code of Civil Procedure Section 350 and Section 411.10 is exactly the same. An action is commenced by filing a complaint. Having said that, it seems to almost create an absurdity to say that an action that is filed in state court hasn't been commenced because it has to somehow be interpreted by federal law when the case is in state court. So our position would be that, at least for purposes of this case, that there's no reason not to apply the state statute that says an action is filing the complaint. The language of commenced is so clear and plain, I believe, that even Jones Day's own website in publishing an article written by its firm and discussing the Class Action Fairness Act described the section as only applying to cases filed on or after the date the statute was enacted. So even the ---- I thought it was clever of you to find it and decide it. But we are going to decide this case on the basis of precedent, aren't we? That's correct, Your Honor. But still it's telling that there seems to be very little ambiguity as to what Congress meant by this language. Every court that's addressed it has resolved it in the same fashion, and there have been numerous when you consider both the district courts and the appellate courts. There is nothing in the legislative history or the language of the statute itself that would appear to support the argument made by the appellants here. You say it's plain. It's plain and it's clear. Why would we go to legislative history if it's plain and clear? When you argue legislative history, you may be suggesting it's ambiguous. I think the language is clear, but to the extent it's argued that some ambiguity exists, the only references in any of the discussions in the legislative history, even President Bush's statements, they all support our position that the statute was not intended to be retroactive and that it was intended only to apply prospectively. Well, retroactivity is a completely different question. Counsel is not arguing that it's retroactive. She's arguing that under the Lorraine Motors line of cases, that district courts had construed a prior jurisdictional statute, removal statute, to include up through the date of removal. And that would seem to have made this suit timely. Did the President say anything about Lorraine Motors? I'm sorry? Did the President say anything about Lorraine Motors? You said the President had indicated that. No, the President. Had supported your view. None of the legislative history said anything about Lorraine Motors. But what the statute says is commenced, and what federal law says commenced means in Federal Rule 3 is the filing of an action. What California state statutory law says is commenced means the filing of an action. And if state law. It's not in the legislative history or the statute itself to suggest any meaning other than that. And just as appellants would have you presume that the Congress knew what it was doing when it passed the statute, it also can be presumed that they knew what the definitions of commenced were under federal law and or state law. That is, of course, the starting point of the analysis. What is the language of the statute? The plain language here is commenced. The definition of commenced is synonymous with beginning the action. And here the action had been begun and before the statute was enacted by the filing of a complaint. As I've indicated, all of the case law to this point supports that interpretation. The Newton case equated filing or stated that equating filing with commencement is the norm in civil practice. The Pritchett case in the Tenth Circuit agreed. In Fizer v. Lott, where a suit was filed the day before the enactment, just like this case, and where the court noted that service occurred and removal occurred after the enactment of the statute, Judge Posner noted simply that nothing had really changed except the forum by the removal, and that if in that case Fizer's reading of the statute were to be adopted, that the statute would have to be rewritten to mean something other than commenced. It would have to be rewritten to mean commenced by service of process or commenced by removal. Instead, the court simply said commenced, which the law clearly states for purposes of this case means filing a complaint. In fact, in the Fizer case, Judge Posner noted that very fact, indicating that the companies that were pushing for this bill to be passed were aware that plaintiffs would accelerate filing the cases, but Congress didn't respond by writing removed or served instead of commenced. Now, we think the Lorraine Motors line of cases, in addition to not being very strong precedent, given that there were contradictory cases out there and considering that they're all district court cases, is not particularly strong precedent here. And if anything, as the court, the Tenth Circuit and Pritchett recognized, actually supports plaintiffs' view of the statute, because in order for the Lorraine line of cases to get where they got, they had to emphasize a narrow construction of the statute, of the removal statute. And that, if that same narrow construction is applied here, it works in our favor, the appellee's favor, and not an appellant's favor, because the posture of the parties was the reverse in that situation. There, the courts were interpreting statutes that were restricting jurisdiction, and therefore, they were construing the statute narrowly to limit federal jurisdiction, whereas here, if you construe the statute narrowly to limit jurisdiction, it would support the meaning of what we consider the plain meaning of the statute, which is commenced by filing the complaint. I think it is, let me just raise a couple of other points with respect to whether this argument of commencement by service applies here. And the Murphy case, we think, just simply states an unremarkable proposition that a defendant is not required to act until formal process has occurred in the case, quite obviously, so the defendant even knows and has been subjected to the authority of the court. And in fact, the removal statute being addressed there, the original version of that, distinguished between commencement and service right in the language of the statute. In addition, we would refer the court to the West v. Conrail case of the United States Supreme Court, and in that case, the size of that, if it's not in our brief, is 481 U.S. 35. It's a 1987 decision. In that case, the court was determining whether a claim had been brought within a statute of limitations period, and the court made clear that a case commences at the time it is filed in court and not at the time it's served on the defendants, and specifically referenced Federal Rule Procedure 3. The court also referenced the fact that service is dealt with separately in the Federal Rules, in Federal Rule of Civil Procedure 4, and discusses service in terms of occurring after the complaint has been filed. In addition, both the, and I apologize if I mispronounce these cases, but Natale v. Fizer case out of the District of Massachusetts, the Fizer v. Locke case out of the Seventh Circuit, those were both cases like this one, where the case was filed, the statute was enacted, service occurred after the enactment, and notwithstanding that, those courts both remanded the action to state court. They didn't address the issue specifically, although Judge Posner in the Fizer v. Locke case specifically referenced the fact that service had occurred after the statute had been enacted. Mr. Harper, you've got the time. You don't have to use it. I understand. I just want to make sure that I've covered any points that the defendants have raised. Let me just suggest in closing, once again, that, you know, this is a case where, you know, the court really doesn't need to do much but look at the language of the statute and give it the plain meaning that it was intended by the Congress. As Judge Easterbrook said in the Shorsh v. Hewlett-Packard case out of the Seventh Circuit, creative lawyering will not be allowed to smudge the line drawn by the 2005 Act. Class actions commenced in state court on or after February 18, 2005, remain in state court. Thank you. Thank you, Mr. Harper. Just briefly, Your Honor. I think the rewriting that the only rewriting that's going on here potentially is what the plaintiffs are urging. And they're asking the Court to rewrite the CAF as effective date provision to say filed instead of commenced. Congress did not say filed in the effective date provision. They did say filed in other parts of the statute. They know how to say filed when they want to say filed, and they didn't. They said commenced. They did use commenced, which is in Federal Rule 3, and in California Rule says when filed. But those two rules are in different contexts. Those are not they don't deal with the removal context. The use of the word commenced in the effective date provision is used because this statute includes a removal amendment and is meant to apply to cases removed. When removal is an issue, commenced means also at the time of removal. Federal Rule Civil Procedure 3 and the California Rule 411 or 410, those have nothing to do with removal. They primarily are meant to apply in the case in the context of statute limitations, have nothing to do with removal. When removal is an issue, commenced has been interpreted in the past consistently with the statute's purpose and with the general removal cases generally construing removal jurisdiction to mean both at the time of filing and at the time of petition for removal as timely filed in federal court. Congress used commenced. They used it for a reason. They used it because they wanted to include cases that were timely removed from state court to federal court. And I just want to point out on the Lorraine Notice the line of cases to the extent, the only cases to have ever interpreted the term commenced have been district court cases, not courts of appeal cases. Out of the 15, 10 of them construed commenced to mean at the time of removal. Thank you very much. We thank counsel for their argument. The case is submitted and we will proceed to Bennis v. Baca.
judges: Thompson, Tashima, Bybee